JUDGE KAPLAN

Marsha G. Ajhar (MA-7644)
SMITH GAMBRELL & RUSSELL LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: 212-907-9700
Fax: 212-907-9800
*Attorneys for Plaintiff, Dodoni S.A.*

14 CV 9179



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

Agrotiki Viomichania Galaktos Ipirou Dodoni A.E.
(Agricultural Dairy Industry of Epirus Dodoni S.A.),

        Plaintiff,

-against-

Fantis Foods, Inc., John Does 1-10 and XYZ Businesses,

        Defendants.

------------------------------------------------------------------x

Civil Action No. _____

FILED UNDER SEAL

## COMPLAINT

Plaintiff Agrotiki Viomichania Galaktos Ipirou Dodoni A.E. (Agricultural Dairy Industry of Epirus Dodoni S.A.) ("Dodoni") by its undersigned attorneys for its complaint against defendants Fantis Foods Inc., John Does 1-10, and XYZ Businesses (collectively "Defendants") alleges as follows:

### NATURE OF THE ACTION

1. This case concerns Defendant's distribution and sale of counterfeit, infringing Feta cheese which it has packed in three pound plastic tubs and falsely labeled with registered DODONI trademarks. Dodoni seeks injunctive and monetary relief against Defendants for: (i) federal trademark counterfeiting under 15 U.S.C. § 1114; (ii) federal trademark infringement

under 15 U.S.C. § 1114; (iii) federal false description and false designation of origin in commerce under 15 U.S.C. § 1125; (iv) New York injury to business reputation under New York General Business Law § 360-1; (v) deceptive trade practices under New York General Business Law § 349; (vi) unfair competition under the common law of the State of New York; and (vii) unjust enrichment under the common law of the State of New York.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367 and general principles of ancillary and pendent jurisdiction.

3. This court has personal jurisdiction over Defendants who are located or domiciled in this judicial district or are doing business here or, alternatively, because Defendants are subject to personal jurisdiction under New York Civil Practice Law and Rule § 302.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## PARTIES

5. Dodoni is a corporation organized and existing under the laws of Greece with its principal place of business at 1, Kostaki Street, Eleousa 45.110, Ioannina, Greece.

6. Upon information and belief, defendant Fantis Foods, Inc. ("Fantis") is a New York corporation with a place of business at 60 Triangle Blvd., Carlstadt, New Jersey 07072.

9. John Does and XYZ Businesses are individuals and business entities who participated in the manufacture, sale or distribution of the counterfeit, infringing product at issue. The identities of the various John Does and XYZ Businesses are not presently known. To the extent that Dodoni learns their identities, those entities will be joined as defendants and the acts in which they engaged will be described and pled in an amended complaint.

## DODONI PRODUCT AND TRADEMARKS

10. Dodoni, founded in 1963 by the Agricultural Bank of Greece and 6 Unions of Agricultural Cooperatives, is a dairy company located in Epirus, the mountainous northwestern region of Greece known for its sheep and goat flocks.

11. Dodoni is a leading manufacturer of Greek Feta cheese which it produces exclusively from fresh pasteurized sheep and goat milk, with a production capacity of about 15,000 tons annually. Dodoni Feta cheese is exported to 35 countries, including the United States, and is the most popular brand of Feta cheese in Greece.

12. For at least fifty years, Dodoni has promoted, marketed, advertised, distributed and sold its dairy products, including Feta cheese, in connection with trademarks consisting, in whole or in part, of the word DODONI and a stylized logo. Since at least as early as 1988, Dodoni has used a distinctive logo ("DODONI Logo") as shown below:



13. The DODONI trademark and logo are affixed to Dodoni's product packaging and labels as shown in the photograph below:



14. For the past twenty years, since at least as early as 1994, Dodoni has stamped the DODONI name and logo on the surface of its cheese product as shown in the photograph below:



15. Dodoni's word mark and logo are the subjects of United States federal trademark registrations on the Principal Trademark Register. DODONI was registered on March 29, 1994 as Registration No. 1,828,405 for a variety of cheeses and yogurt. The DODONI Logo was registered on March 26, 1991 as Registration No. 1,639,202, also for a variety of dairy products including cheese and yogurt.

16. Dodoni also uses a logo consisting of a stylized shepherd ("Shepherd Logo"), shown below:



17. The Shepherd Logo also appears on Dodoni product and packaging, as shown on the side of the container which appears in the photograph below:



4

17. The Shepherd Logo is registered in the United States Patent and Trademark Office as Registration No. 1,620,144, which issued on October 30, 1990.

18. The U.S. trademark registrations for the DODONI, DODONI Logo and Shepherd Logo trademarks (collectively the "DODONI Marks") are all valid and in full force and effect. Moreover, affidavits have been filed and accepted by the Trademark Office pursuant to Sections 8 and 15 of the Lanham Act so all three registrations are incontestable.

19. Dodoni's use of the DODONI Marks has been substantially exclusive and continuous in the United States and the DODONI Marks have achieved strong recognition by relevant members of the consuming public.

20. The DODONI Marks are inherently distinctive.

21. The DODONI Marks also have acquired distinctiveness.

22. Dodoni has engaged and continues to engage in interstate activities to promote the DODONI Marks and the business and goodwill associated with each of its marks, logos and property in the State of New York and throughout the United States.

23. By virtue of Dodoni's substantial use, sales, advertising and promotion of the DODONI Marks throughout the United States and the world and the distinctiveness of the marks, the DODONI Marks are well-known marks, distinctive of Dodoni dairy products, especially but not limited to its Feta cheese product, and identify and indicate the source of Dodoni's products to consumers, purchasers and others. Among actual and potential customers, Dodoni has developed enormous goodwill and an excellent reputation for the quality of its DODONI branded products.

## DEFENDANTS AND THEIR ACTIVITIES

24. Defendants are improperly profiting from Dodoni's long and significant investment in the DODONI Marks by incorporating in whole or in part, the DODONI Marks on counterfeit, infringing Feta cheese packaged in three pound plastic buckets, as shown in the photograph below:



25. Dodoni offers its DODONI Feta cheese in a variety of different types of packages and containers including metal tins, plastic containers with natural brine and vacuum packed, air tight containers. Dodoni does not offer or sell any of its DODONI Feta cheese, or any other cheese or dairy product, in a three pound plastic bucket.

26. Dodoni's DODONI brand Feta cheese is produced exclusively from sheep and goat milk. Dodoni never uses cow's milk in the manufacture of any of its DODONI Feta cheese.

27. Investigators retained by Dodoni have purchased samples of the purported DODONI Feta cheese directly from Fantis and other Feta cheese retailers and wholesalers. The samples have been tested at a food laboratory facility for a variety of chemical properties.

28. Tests conducted on the three pound bucket Feta cheese purchased by Dodoni's investigators establish conclusively that the cheese contained in those buckets is not authentic

DODONI Feta cheese. Tests also indicate that some of the Feta cheese contained in the three pound buckets was produced from cow's milk although the label on the three pound bucket states that the contents are "from pasteurized sheep's milk."

29. The label on the three pound buckets containing the counterfeit DODONI Feta cheese lacks product information required by law and does not comply with food labeling regulations of the Food and Drug Administration.

30. Defendants' three pound bucket packaging and the contents of the three pound bucket containers were not approved, authorized or manufactured by Dodoni and are counterfeit.

31. Defendants, without authorization or license from Dodoni, have knowingly and willfully used, reproduced or copied the DODONI Marks in bad faith in connection with the distribution, sale and offering for sale of counterfeit, infringing Feta cheese product of inferior quality.

32. Defendants' conduct is likely to cause confusion in the marketplace as to the source of the accused goods, deceive the public, and harm the DODONI Marks.

33. Defendants' conduct may also cause harm to consumers who have food allergies and physical conditions, such as lactose intolerance, and who purchase the deceptively labeled counterfeit product believing it to be made exclusively from sheep's milk, as labeled, when it is made instead from cow's milk. Upon information and belief, Defendants have mislabeled the ingredients of the counterfeit Dodoni Feta cheese with callous indifference to public health and safety.

34. Upon information and belief, Defendants know that the accused product they have sold, are selling and offering to sell is not genuine DODONI Feta cheese.

35. Defendants are trading on and receiving the benefit of the goodwill DODONI has established in the DODONI Marks through considerable expense and labor. Alternatively, Defendants have intentionally sold counterfeit, substandard product in poor quality containers marked with the DODONI Marks in order to damage the reputation of Dodoni as a producer of superior quality Feta cheese.

36. Defendants' acts complained of herein deprive Dodoni of the ability to control the nature and quality of its goods and place the valuable reputation and goodwill of the DODONI brand beyond its control and in the hands of Defendants.

37. Unless the acts of Defendants are temporarily, preliminarily and permanently enjoined by this Court, such acts will continue to cause irreparable injury to Dodoni and to the public for which there is no adequate remedy at law.

## FIRST CAUSE OF ACTION:
### Federal Trademark Counterfeiting

38. Dodoni repeats and realleges each and every paragraph set forth above as if fully set forth herein.

39. In violation of 15 U.S.C. §1114, Defendants have used and used in commerce, without Dodoni's consent, either a reproduction, counterfeit, copy of colorable imitation of the Dodoni Marks in connection with the sale, offering for sale, distribution and/or advertising of counterfeit products that is likely to cause confusion, or to cause mistake or to deceive.

40. The acts of Defendants complained of herein constitute trademark counterfeiting.

## SECOND CAUSE OF ACTION:
### Federal Trademark Infringement

41. Dodoni repeats and realleges each and every paragraph set forth above as if fully set forth herein.

42. The acts of Defendants complained of herein constitute trademark infringement in violation of 15 U.S.C. § 1114.

## THIRD CAUSE OF ACTION:
### Federal False Description and False Designation of Origin in Commerce

43. Dodoni repeats and realleges each and every paragraph set forth above as if fully set forth herein.

44. In violation of 15 U.S.C. § 1125, Defendants use and have used a word, term, name, symbol or device, or a combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which was likely or is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Dodoni or as to the origin, sponsorship or approval of Defendants' goods.

45. The acts of Defendants complained of herein constitute false description and false designation.

## FOURTH CAUSE OF ACTION:
### New York Injury to Business Reputation

46. Dodoni repeats and realleges each and every paragraph set forth above as if fully set forth herein.

47. Defendants have injured and are likely to injure Dodoni's business reputation.

48. The acts of Defendants complained of herein constitute injury to Dodoni's business reputation.

## FIFTH CAUSE OF ACTION:
### New York Deceptive Trade Practices

49. Dodoni repeats and realleges each and every paragraph set forth above as if fully set forth herein.

50. In violation of New York General Business Law § 349, Defendants are selling, offering for sale and/or distributing their own products unlawfully bearing the Dodoni Marks.

51. The acts of Defendants complained of herein constitute deceptive trade practices.

## SIXTH CAUSE OF ACTION:
### Common Law Trademark Infringement

52. Dodoni repeats and realleges each and every paragraph set forth above as if fully set forth herein.

53. In violation of the common law of the State of New York and elsewhere, Defendants have infringed Dodoni's trademarks.

## SEVENTH CAUSE OF ACTION:
### Common Law Unfair Competition

54. Dodoni repeats and realleges each and every paragraph set forth above as if fully set forth herein.

55. In violation of the common law of the State of New York and elsewhere, Defendants have unfairly competed with Dodoni.

## EIGHTH CAUSE OF ACTION:
### Unjust Enrichment

56. Dodoni repeats and realleges each and every paragraph set forth above as if fully set forth herein.

57. Defendants profited from the sale of their goods under Plaintiff's trademarks, Defendants' profits came at the expense of Plaintiff's profits and Defendants' profits were procured in violation of federal and state trademark law.

58. By reason of Defendants' unlawful activities, Dodoni has sustained injury, damage and loss for which it has no adequate remedy at law, and Defendants have been unjustly enriched.

## PRAYER FOR RELIEF

WHEREFORE, Dodoni prays that:

(a) Defendants, their agents, servants, employees and all persons acting in concert or participating with Defendants by temporarily, preliminarily and permanently enjoined and restrained from:

(i) improperly using any of the DODONI Marks or any name, or any marks similar thereto, in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other use, for cheese, cheese and dairy products or other food or beverage products as well as related food service marks including, without limitation, food sales, food preparation, restaurant and food catering services;

(ii) passing off, inducing or enabling others to sell or pass off any cheese, dairy or other food or beverage product, or any other products as produced by or for Dodoni, which are not authentic Dodoni products or are not produced under the control and supervision of Dodoni and approved by Dodoni for sale;

(iii) committing any acts calculated to cause the public to believe that Defendants' products are sold under the control and supervision of Dodoni, or sponsored or approved

by, or in connection with, or guaranteed by, or produced under the control and supervision of Dodoni unless those products are, in fact, genuine Dodoni products;

    (iv) further infringing the DODONI Marks and damaging Dodoni's good will;

    (v) otherwise unfairly competing with Dodoni;

    (vi) shipping, delivering, distributing, returning or otherwise disposing of, in any manner, any other products that are counterfeit and/or infringe the DODONI Marks;

    (vii) using any reproduction, counterfeit, copy or colorable imitation of any of the DODONI Marks in connection with the publicity, promotion, sale or advertising of any products manufactured, received, acquired, imported, shipped, purchased, sold, offered for sale and/or distributed by Defendants unless those products are, in fact, genuine Dodoni products;

    (viii) affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation including words or symbols tending to falsely describe or represent such products as being Dodoni products and from offering such goods in commerce unless those products are, in fact, genuine Dodoni products;

    (ix) destroying any records documenting the purchase, manufacture, distribution, sale or receipt of any Dodoni cheese or other products that are counterfeit and/or infringe the DODONI Marks;

    (x) assisting, aiding or abetting any other person or business entity to engage in or perform any of the activities described and itemized in subparagraphs (i) through (ix) above.

(b) Defendants be required to deliver to Dodoni any and all products, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising

matter, promotional or other materials in Defendants' possession or under their control bearing any of the DODONI Marks, alone or in combination with any other words, used in connection with the advertising, offering for sale or sale of product which is not genuine Dodoni product or not made under the authorization and control of Dodoni.

(c) Defendants, within three (3) days after the entry of service on Defendants of an injunction, whether temporary, preliminary or permanent, be ordered to provide Dodoni with a complete list of individuals or entities (including names, addresses and other contact information) from whom they have purchased and to whom they have distributed and/or sold all products bearing the counterfeit, infringing DODONI Marks.

(d) Defendants be required to deliver to Dodoni for eventual destruction their entire inventory of counterfeit and infringing products.

(e) Defendants, within fifteen (15) days after the entry and service on Defendants of an injunction, whether temporary, preliminary or permanent, be ordered to file with this Court and serve upon Dodoni a written report under oath setting forth in detail the manner in which each of the Defendants has complied with each injunction.

(f) Dodoni recover all damages it has sustained as a result of Defendants' activities and that said damages be trebled, or, in the alternative and it its election, be awarded statutory damages as the Court finds to be just under the circumstances of this case.

(g) Dodoni be awarded reasonable attorneys' fees, investigative expenses, other costs of this action and prejudgment and post judgment interest.

(h) Dodoni recover such other relief as this Court deems appropriate.

                Respectfully submitted,

November 18, 2014

*signature*

Marsha G. Ajhar (MA-7644)
SMITH GAMBRELL & RUSSELL LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: 212-907-9700
Fax: 212-907-9800
majhar@sgrlaw.com
*Attorneys for Plaintiff, Dodoni S.A.*