IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AGROTIKI VIOMICHANIA GALAKTOS IPIROU DODONI A.E. (Agricultural Dairy Industry of Epirus Dodoni S.A., <br><br> Plaintiff, <br><br> vs. <br><br> FANTIS FOODS, INC., JOHN DOES 1-10 and XYZ BUSINESSES, <br><br> Defendants. | DOCUMENT ELECTRONICALLY FILED <br><br> Civil Action No. 14-cv-9179 <br><br> Hon. Lewis A. Kaplan, U.S.D.J. |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

**LOWENSTEIN SANDLER LLP**
1251 Avenue of the Americas
New York, New York 10020
212.262.6700
Attorneys for Defendant
Fantis Foods, Inc.

## TABLE OF CONTENTS

                                              **Page**

Table Of Authorities ................................................................................................................ ii

Preliminary Statement ............................................................................................................. 1

Background .............................................................................................................................. 2

Standard Of Review ................................................................................................................ 4

Legal Argument ....................................................................................................................... 5

      I.      DODONI'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE CONTRACT CONTAINS A VALID FORUM SELECTION CLAUSE THAT IDENTIFIES GREECE AS THE EXCLUSIVE JURISDICTION FOR ALL DISPUTES. .......................................... 5

      II.     ALTERNATIVELY, PLAINTIFF'S CAUSES OF ACTION UNDER NEW YORK BUSINESS LAW § 349 AND FOR UNJUST ENRICHMENT ARE INSUFFICIENTLY PLEAD, AND THUS SHOULD BE DISMISSED. ............................................................ 9

Conclusion ............................................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**                                                                                        **Page**

AGR Fin., L.L.C. v. Ready Staffing, Inc.,
   99 F. Supp. 2d 399 (S.D.N.Y. 2000) ................................................................................ 8

Allen v. Chanel Inc.,
   No. 12 CV 6758, 2013 WL 2413068 (S.D.N.Y. June 4, 2013) ........................................ 4

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ........................................................................................................ 4

Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of TX,
   -- U.S. --, 134 S. Ct. 568 (2013) ......................................................................... 1, 5, 6, 8

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) ........................................................................................................ 4

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002) ............................................................................................ 4

Chevron Corp. v. Donziger,
   886 F. Supp. 2d 235 (S.D.N.Y. 2012) ............................................................................. 3

Cruz v. FXDirectDealer, LLC,
   720 F. 3d 115 (2d Cir. 2013) .......................................................................................... 10

De Sole v. Knoedler Gallery, LLC,
   974 F. Supp. 2d 274 (S.D.N.Y. 2013) ............................................................................. 4

Fubon Ins. Co. v. OHL Int'l,
   No. 12 CIV. 5035 RJS, 2014 WL 1383604 (S.D.N.Y. Mar. 31, 2014) ................ 5, 6, 8, 9

George Nelson Found. v. Modernica, Inc.,
   12 F. Supp. 3d 635 (S.D.N.Y. 2014) ............................................................................... 4

Gucci America, Inc. v. Duty Free Apparel, Ltd.,
   277 F. Supp. 2d 269 (S.D.N.Y.2003) .............................................................................. 9

In re Bayou Hedge Fund Litig.,
   534 F. Supp. 2d 405 (S.D.N.Y. 2007) ............................................................................. 4

Kaplan, Inc. v. Yun,
   16 F. Supp. 3d 341 (S.D.N.Y. 2014) ........................................................................ 9, 10

Lake Minnewaska Mountain Houses, Inc. v. Rekis,
   259 A.D. 2d 797 (App. Div. 1999) ............................................................................... 10

Morrissey v. Nextel Partners, Inc.,
    895 N.Y.S. 2d 580 (N.Y. App. Div. 2010) ...............................................................................9

Philips v. Audio Active Ltd.,
    494 F. 3d 378 (2d Cir. 2007)..........................................................................................5, 6, 7

Viti v. Guardian Life Ins. Co. of Am.,
    817 F. Supp. 2d 214 (S.D.N.Y. 2011)....................................................................................4

Weingard v. Telepathy, Inc.,
    No. 05 Civ. 2024 (MBM), 2005 WL 2990645 (S.D.N.Y. Nov. 7, 2005).................................7

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ................................................................................1, 4, 10

# PRELIMINARY STATEMENT

Defendant Fantis Foods, Inc. ("Fantis") submits this Memorandum of Law in Support of its Motion to Dismiss this action under the doctrine of forum non conveniens and/or Federal Rule of Civil Procedure 12(b)(6).[1] Fantis and plaintiff Agrotiki Viomichania Galaktos Ipirou Dodoni A.E. ("Dodoni") were engaged in a long-term business relationship that spanned nearly three decades. Though not always governed by a written contract, Fantis and Dodoni signed their most recent (and final) contract on October 18, 2011 (the "Contract"). The Contract, which plaintiff deliberately omits referencing in the Complaint, covers all facets of the parties' relationship, including the ownership of trademarks. The Contract also contains a mandatory forum selection clause that vests the "Courts in Ioannina" with "exclusive jurisdiction over any dispute arising from the enforcement and operation of this agreement (e.g. for filing and hearing any type of action, issuing payment order, etc.)." According to *Dodoni*, this provision is not only broad enough to cover claims in contract, tort, common law and equity, but also those claims that arise after the contract expired. While Dodoni will undoubtedly reverse course and argue otherwise now, the Court should grant the precise relief that Dodoni is seeking in the case filed by Fantis against it -- i.e., dismissal on the basis of a mandatory forum selection clause in favor of litigation in Greece. Alternatively, Dodoni's causes of action for violation of New York Business Law §349, and for unjust enrichment are insufficiently plead, and thus should be dismissed.

---

[1] The Supreme Court clarified in Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas, — U.S. —, 134 S. Ct. 568, 580 (2013), that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens." The Court, however, did not have the opportunity to consider whether a motion under Rule 12(b)(6) was also a proper mechanism to enforce a forum selection clause. Id. Therefore, Fantis moves under both the doctrine of forum non conveniens and Rule 12(b)(6) to dismiss this entire case in favor of litigation in Greece, and solely on the basis of Rule 12(b)(6) to dismiss Dodoni's claim that are insufficiently plead.

# BACKGROUND[2]

Dodoni commenced the instant case on November 18, 2014, alleging eight causes of action sounding in federal trademark law, and New York statutory and common law. (See Declaration of Michael A. Kaplan, Esq., dated December 24, 2014 ("Kaplan Decl."), Ex. A.) In short, Dodoni alleges that Fantis infringed three of its trademarks through the sale of feta cheese packaged in three pound plastic buckets. (See id., Ex. A, ¶34.) However, the Complaint contains no specific allegations about any conduct by Fantis in New York. (See generally id., ¶¶1-58.)

Conspicuously absent from the Complaint, but integral thereto, is any mention of the parties' nearly thirty-year business relationship and the written contracts that governed that relationship at various times. (See D.N.J. Case 2:14-cv-4075, Dkt. No. 7, Attach. 1, ¶2.) Like its predecessors, the Contract between Fantis and Dodoni, which was executed on October 18, 2011 and made retroactive to January 1, 2011, contained three provisions that are relevant to this motion. (See Kaplan Decl., Ex. B.) First, the Contract contains a section entitled "Copyright – Confidentiality – Assignment," which states, in relevant part:

> 8.1. –All types of marks, design rights (patented or not), know-how, business trade names, intellectual property rights, and any other related or similar right are owned exclusively by [Dodoni].
>
> 8.2.-The trademarks and any copyright of any type, concerning the products of [Dodoni] and their sale in the United States and Canada are the property of [Dodoni] and remain therewith.

(Id., ¶8.) In addition to explicitly addressing the ownership of trademarks, the Contract also contains a choice of law and venue selection clause, which states: "The Courts in Ioannina shall have exclusive jurisdiction over any dispute arising from the enforcement and operation of this agreement (e.g. for filing and hearing any type of action, issuing payment order, etc.), and the

---

[2] In the interest of brevity, Fantis hereby incorporates by reference the more detailed discussion of the parties' background from its pending Motion to Transfer this action to the District of New Jersey where a previously filed action initiated by Fantis against Dodoni is pending. (See Dkt. No. 32, pp. 2-4.)

Greek Law shall be applicable." (See id., ¶10.2.) Finally, as Dodoni explicitly highlighted in its reply papers filed in the New Jersey case urging that District Court to enforce the same provision of the same agreement, the Contract contains a provision extending "all terms" in the event the parties continued the relationship after the Contract expired. (See D.N.J. Case 2:14-cv-4075, Dkt. No. 8, p. 4.) Specifically, the extension provision states:

> [I]t is expressly agreed that at such exceptional cases of selling products to the Buyer after the expiration of the agreement, all terms herein shall continue to apply and the Buyer's obligations shall be covered by the existing letter of guarantee.

(Kaplan Decl., Ex. B, ¶9.3.)

On the basis of, inter alia, the Contract, Dodoni moved -- using the identical argument Fantis advances here, which Fantis admittedly opposed[3] -- to dismiss the contract, tort, common law and equitable claims Fantis filed against Dodoni in the New Jersey case. (Kaplan Decl., Ex. C; see also D.N.J. Case 2:14-cv-4075, Dkt. No. 3.) Specifically, Dodoni stated that "[u]nder well-settled Third Circuit law, because the Agreement is the basic source of any duty, all claims arising out of the contractual relationship—including tort claims—are subject to the applicable forum selection clause." (Kaplan Decl., Ex. C, Dkt. No. 3, Attach. 7, pp. 11.) It went on to assert that "the language of Paragraph 16d [(which is the forum selection clause from the parties' 2004 contract)] is broad enough to cover any disputes arising after the technical

---

[3] Neither of the parties' positions is wholly reconcilable with its arguments in the New Jersey case. However, because a decision has not yet been issued on Dodoni's motion to dismiss for forum non conveniens in the New Jersey case, though one is imminent, Fantis is free to alter its position -- particularly since that is exactly what Dodoni did by willingly filing this action in a jurisdiction Dodoni claimed was inconvenient to litigate in. Moreover, equity dictates that Dodoni cannot use the forum selection clause as a sword in the New Jersey case and a shield in this case. Although neither party is presently judicially estopped from altering its argument on the effect of the forum selection clause, as this Court aptly noted at the December 18, 2014 status conference, one or both may be if the Hon. Claire Cecchi, U.S.D.J., issues a decision on Dodoni's motion in the New Jersey case before this Court decides the instant motion. See Chevron Corp. v. Donziger, 886 F. Supp. 2d 235, 273 (S.D.N.Y. 2012) ("Judicial estoppel arises where (1) a party's later position is clearly inconsistent with its earlier position; (2) the party's former position has been adopted . . . by the court in the earlier proceeding; and (3) the party asserting the two positions would derive an unfair advantage against the party seeking estoppel." (internal citation omitted)). In the event that occurs, Fantis reserves the right to seek leave from the Court to provide a supplemental briefing on the effect of Judge Cecchi's decision. Alternatively, to avoid the need for additional briefing, the Court could grant Fantis' motion to transfer, filed on December 18, 2014.

expiration of the written contract – but before the actual contractual relationship has ended." (Id., p. 12.) Indeed, after Fantis pointed out the existence of the Contract to Dodoni, an oversight which Dodoni attributed to a change in management, Dodoni replied that "[t]here is no reason, as a matter of law, why a forum selection clause cannot be applied to an entire contractual relationship, even though the written contract containing the clause was in effect for only a portion of the relationship." (Kaplan Decl., Ex. D, Dkt. No. 8, Attach. 7, p 4.)

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When dismissal is sought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the plaintiffs' factual allegations, and draw all reasonable inferences in their favor. See Viti v. Guardian Life Ins. Co. of Am., 817 F. Supp. 2d 214, 223 (S.D.N.Y. 2011). In general, the court must limit its analysis on a motion to dismiss "to the allegations contained within the four corners of the complaint." Id. (internal quotation marks and citation omitted). "The complaint is deemed to include any attached exhibits, statements, or documents incorporated into the complaint by reference, as well as any documents that are 'integral' to the complaint."[4] Allen v. Chanel Inc., No. 12 CV 6758, 2013 WL 2413068, at *4 (S.D.N.Y. June 4, 2013) (quoting Chambers v. Time Warner, Inc., 282 F. 3d 147, 52–153 (2d Cir. 2002)).

---

[4] Although the Contract is not specifically referenced in the Complaint or attached thereto, it is nonetheless permissible for the Court to consider the Contract's terms in adjudicating a motion under Rule 12(b)(6) because the Contract: (i) was filed on the record in the New Jersey case between these same parties, and is thus a matter of public record, (see D.N.J. Case 2:14-cv-4075, Dkt. No. 7, Attach. 1, Ex. A.); and (ii) is a document that plaintiff had to have known about and relied upon in commencing this action. See In re Bayou Hedge Fund Litig., 534 F. Supp. 2d 405, 413 (S.D.N.Y. 2007) ("In deciding a motion to dismiss, this court may consider the full text of documents . . . that the plaintiff either possessed or knew about and relied upon in bringing the suit."); De Sole v. Knoedler Gallery, LLC, 974 F. Supp. 2d 274, 294 (S.D.N.Y. 2013) ("A district court may also 'rely on matters of public record in deciding a motion to dismiss under [R]ule 12(b)(6).'") (internal citation omitted)); George Nelson Found. v. Modernica, Inc., 12 F. Supp. 3d 635, 643 (S.D.N.Y. 2014) ("[W]here public records are integral to a complaint, a court is permitted to take judicial notice of those records when considering a Rule 12(b)(6) motion."). Given that the Contract is the basis for the parties' relationship, there can be no credible argument regarding its import in this case. Even if there were, the Court's analysis is not restrained to the four corners of the pleadings on a motion to dismiss for forum non conveniens.

# LEGAL ARGUMENT

I. **DODONI'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE CONTRACT CONTAINS A VALID FORUM SELECTION CLAUSE THAT IDENTIFIES GREECE AS THE EXCLUSIVE JURISDICTION FOR ALL DISPUTES.**

Dodoni's Complaint should be dismissed because Paragraph 10.2 of the Contract, the forum selection clause, states that "[t]he Courts in Ioannina shall have exclusive jurisdiction over any dispute ***arising from the enforcement*** and operation of this agreement (e.g. for filing and hearing any type of action . . .)." (Kaplan Decl., Ex. B.) Not only does the Contract explicitly contemplate and cover the ownership and use of Dodoni's trademarks, but Dodoni, relying on the same Contract, also admitted that this clause covers "all claims arising out of the contractual relationship—including tort claims," irrespective of when those claims arose. (Id., ¶8; Ex. C, Dkt. No. 3, Attach. 7, pp. 11-12.) Because there can be genuine argument regarding the validity of the forum selection clause, the Court should give the forum selection clause "controlling weight" and dismiss this action under the doctrine of forum non conveniens. See Atlantic Marine, 134 S. Ct. at 579.

"To determine whether a forum selection clause is enforceable, the Court must consider, first, whether the clause is valid and, second, whether public interest factors nevertheless counsel against its enforcement." Fubon Ins. Co. v. OHL Int'l, No. 12 Civ. 5035 RJS, 2014 WL 1383604, at *5 (S.D.N.Y. Mar. 31, 2014) (citing Atlantic Marine, 134 S. Ct. at 580-81). The Second Circuit has articulated a four-part analysis on the question of validity, the first three-parts of which ask: "(1) whether the clause was 'reasonably communicated to the party resisting enforcement,' (2) whether the clause is 'mandatory or permissive,' and (3) whether 'the claims and parties involved in the suit are subject to the forum selection clause.'" Fubon Ins., 2014 WL 1383604, at *5 (quoting Philips v. Audio Active Ltd., 494 F. 3d 378, 383 (2d Cir. 2007)). If the clause "was reasonably communicated, mandatory, and applicable, then the clause is presumptively enforceable unless the party resisting enforcement can show (4) that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as

fraud or overreaching.'" Fubon Ins., 2014 WL 1383604, at *5 (quoting Philips, 494 F. 3d at 383-84).

Once validity is established, the sole remaining question for the Court is whether there are any public interest factors that weigh against enforcement of the forum selection clause. Fubon Ins., 2014 WL 1383604, at *6. In making this determination, "the plaintiff's choice of forum and the private interests of the parties are accorded no weight." Id. And though the public interest factors must be considered, they will "rarely defeat a . . . motion to dismiss under forum non conveniens." Id. (internal quotation marks omitted). It follows then that in all but the most "'unusual circumstances,'" which this is not, the "'forum selection clause[] should control.'" Id. (quoting Atlantic Marine, 134 S. Ct. at 582).

In this case, the forum selection clause was undoubtedly communicated to Dodoni and is unquestionably valid; Dodoni signed the Contract and then used the Contract's terms to further its motion to dismiss. (Kaplan Decl., Exs. B-D.) Thus, there can be no argument that Dodoni was unaware of the existence of the forum selection clause or that enforcement would unjust. Likewise, the forum selection clause is unquestionably mandatory because it bestows "exclusive jurisdiction" on the Courts in Ioannina. (Id., Ex. B, ¶10.2); see also Philips, 494 F. 3d at 386 (stating that "[a] forum selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language"). The only conceivable dispute then is whether Dodoni's claims for trademark counterfeiting and infringement fall within the scope of the Contract. Both the law and facts counsel that they do.

"[F]ederal courts have routinely rejected [the] suggestion that a claim arising under a law of the United States is exempt from provisions governing disputes between contracting parties." Id., at 388 (collecting cases). To the extent Dodoni asserts that it could not contract away its right to enforce its trademark claims in the United States, such an assertion would be meritless. What remains is a straightforward question of contract interpretation, which requires the Court to interpret the language used to determine what claims the forum selection

clause encompasses. Id., at 389. In so doing, the Court should "examine the substance of those claims, shorn of their labels." Id.

Here, the operative language of the forum selection clause states that the "Courts in Ioannina shall have exclusive jurisdiction over any dispute *arising from the enforcement* and operation of this agreement." (Kaplan Decl., Ex. B, ¶10.2 (emphasis added).) Put simply, the parties agreed that any dispute pertaining to the terms of this agreement must be brought in Greece. One of those terms is the ownership, rights and responsibilities of Dodoni and Fantis with respect to the trademarks Dodoni claims it owns. That paragraph states, in relevant part:

> 8.1. –All types of marks, design rights (patented or not), know-how, business trade names, intellectual property rights, and any other related or similar right are owned exclusively by [Dodoni].
>
> 8.2.-The trademarks and any copyright of any type, concerning the products of [Dodoni] and their sale in the United States and Canada are the property of [Dodoni] and remain therewith.

(Id., ¶8.) Thus, to enforce these ownership rights -- which is what Dodoni is seeking to do in this case -- Dodoni agreed in writing, by contract to bring an action, no matter what form the action took, in *only* the "Courts in Ioannina."

Setting aside the unambiguous language of the Contract, Dodoni itself previously asserted in the New Jersey action that "[u]nder well-settled Third Circuit law, because the Agreement is the basic source of any duty, all claims arising out of the contractual relationship—including tort claims—are subject to the applicable forum selection clause." (Id., Ex. C, Dkt. No. 3, Attach. 7, pp. 11.) It went on to assert that "the language of Paragraph 16d [(the equivalent of paragraph 10.2 from the parties' 2004 contract)] is broad enough to cover any disputes arising after the technical expiration of the written contract – but before the actual contractual relationship has ended." (Id., p. 12.) The law in this Circuit is no different. See Weingard v. Telepathy, Inc., No. 05 Civ. 2024 (MBM), 2005 WL 2990645, at *3 (S.D.N.Y. Nov. 7, 2005) ("[P]arties to a contract are bound by that contract's forum selection clause even

after the contract has expired, where, as here, the plaintiff's claims involve rights arising out of the contract and the entire business relationship between the parties stems from that contract."); AGR Fin., L.L.C. v. Ready Staffing, Inc., 99 F. Supp. 2d 399, 401 (S.D.N.Y. 2000) ("Even if the Agreement was terminated, its forum selection clause would still be effective."). Applying Dodoni's reasoning, all claims asserted in this case, which relate to Fantis' sale and distribution of Dodoni's feta cheese -- feta cheese that was sold to Fantis under the terms of the Contract -- arise out of the Contract. As such, the question of "whether the claims and parties involved in the suit are subject to the forum selection clause" must also be answered in the affirmative. See Fubon Ins., 2014 WL 1383604, at *5 (internal quotation marks and citation omitted).

Consequently, the remaining question for the Court is whether there are any public interest factors that weigh against enforcement of the forum selection clause.[5] Fubon Ins., 2014 WL 1383604, at *6. In this case, there are none. Dodoni cannot show this case presents the "unusual circumstance[]" where considerations of "the administrative difficulties flowing from court congestion[,] the local interest in having localized controversies decided at home[, and] the interest in having the trial of a diversity case in a forum that is at home with the law" are sufficient to overcome the controlling weight afforded to the forum selection clause. Fubon Ins., 2014 WL 1383604, at *6, 8 (internal quotation marks and citations omitted). Dodoni is a foreign corporation, with no discernable connection to New York. (Kaplan Decl., Ex. A., ¶5.) Moreover, as it pertains to this District, this case is not a localized controversy. There are no allegations about conduct in New York, and even if there were, New Jersey is the location where Dodoni shipped its cheese to, and where it has continuously distributed its cheese from since at least 1989. (See Dkt. No. 32, p. 3.) Finally, while a United States court would be more comfortable applying federal trademark law, Dodoni consented to litigating all of its disputes in

---

[5] It bears noting that Dodoni's choice of forum and any private interest factors are, according to the Supreme Court, immaterial. See Atlantic Marine, 134 S. Ct. at 581-82.

Greece, and thus cannot now be heard to complain about the ability of the Greek courts to apply foreign law, assuming United States' federal law even applies.[6] (Kaplan Decl., Ex. B., ¶10.2.)

In short, this is not the "rare" case where consideration of the public interest factors "justify non-enforcement of a valid [mandatory forum selection] clause." Fubon Ins., 2014 WL 1383604, at *8. While the allegations are not to be taken lightly (and are not being taken lightly), the fact remains that Dodoni agreed to litigate "any dispute," in "any type of action," which arises "from the enforcement and operation of" the Contract in Greece, and moved to dismiss Fantis' claims against it on the basis of that agreement. Accordingly, the Court should find that Dodoni's claims in this case are subject to the forum selection clause and dismiss this case under the doctrine of <u>forum non conveniens</u> in favor of litigation in Greece.

## II. ALTERNATIVELY, PLAINTIFF'S CAUSES OF ACTION UNDER NEW YORK BUSINESS LAW § 349 AND FOR UNJUST ENRICHMENT ARE INSUFFICIENTLY PLEAD, AND THUS SHOULD BE DISMISSED.

Assuming that Dodoni's claims are properly before this Court, Dodoni failed to allege sufficient facts to show that it is entitled to relief on its causes of action for violation of New York Business Law §349, and for unjust enrichment. (Kaplan Decl., Ex. A., ¶¶49-51, 56-58.)

First, Dodoni's New York Business Law §349 claim fails because the core harm alleged in the Complaint is harm to Dodoni's business, not to the consuming public. <u>Gucci America, Inc. v. Duty Free Apparel, Ltd.</u>, 277 F. Supp. 2d 269, 272-73 (S.D.N.Y.2003) ("Claims that arise out of a trademark infringement action . . . where the core of the claim is harm to another business as opposed to consumers, both constitute situations which courts have found to reflect a public harm that is too insubstantial to satisfy the pleading requirements of § 349."); <u>Kaplan, Inc. v. Yun</u>, 16 F. Supp. 3d 341, 352 (S.D.N.Y. 2014) ("[C]ourts in New York have routinely dismissed trademark claims brought under Sections 349 . . . because ordinary trademark disputes do not pose a significant risk of harm to the public health or interest and are

---

[6] Whether the United States' law will apply to this case is an open question in light of the fact that the Contract states that "Greek Law shall be applicable." (Kaplan Decl., Ex B., ¶10.2.)

therefore not the type of deceptive conduct that the statutes were designed to address."). Even if Dodoni did allege harm to the public, its New York Business Law §349 claim still must be dismissed because Dodoni has not alleged that Fantis made any deceptive sales from New York or to New York residents. (See generally Kaplan Decl., Ex. A); see also Morrissey v. Nextel Partners, Inc., 895 N.Y.S. 2d 580, 587 (N.Y. App. Div. 2010) ("[GBL] §349 and §350 require[] the deceptive transaction to have occurred in New York and, therefore, no viable claim under the statute would lie for potential class members from outside the state who were victimized by defendant's practices.") (internal quotation marks and citation omitted)); Cruz v. FXDirectDealer, LLC, 720 F. 3d 115, 123 (2d Cir. 2013) ("General Business Law §349 requires the deceptive transaction to have occurred in New York.") (internal quotation marks and citation omitted)). The only allegations in the Complaint, and in this case, relate to Fantis' conduct in and from New Jersey. (See Kaplan Decl., Ex. A.)

Likewise, Dodoni's unjust enrichment claim is flawed because Dodoni has not alleged that it conferred a benefit on Fantis. Rather, the allegations are that Fantis was improperly using Dodoni's marks to sell Feta cheese in three pound plastic tubs, which is actionable under a different law. (Id., ¶¶24-37); see Lake Minnewaska Mountain Houses, Inc. v. Rekis, 259 A.D. 2d 797, 798 (App. Div. 1999) ("To prevail on a claim of unjust enrichment, plaintiff must show that (1) defendant was enriched (2) at plaintiff's expense, and (3) that it is against equity and good conscience to permit . . . defendant to retain what is sought to be recovered." (Internal citation omitted)); Kaplan, Inc., 16 F. Supp. 3d at 353 ("[T]o state a claim for unjust enrichment, the plaintiffs must demonstrate that they themselves conferred a direct benefit on the defendants. In this case, there are no such allegations: the defendants were enriched only indirectly from the plaintiffs' prior activities of promoting their marks."). Because there was not a conferral of a benefit by Dodoni to Fantis, Dodoni's claim for unjust enrichment also fails.

## CONCLUSION

For the foregoing reasons, Fantis' motion to dismiss under the doctrine of forum <u>non</u> <u>conveniens</u> and/or Federal Rule of Civil Procedure 12(b)(6) should be granted.

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**
Attorneys for Defendant
Fantis Foods, Inc.

Dated: December 24, 2014  By: /s/ Michael A. Kaplan
Michael A. Kaplan